JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Abdullah Harris

### DEFENDANTS
Officer Thomas McDonald, The City of Chester, and Uknown Officers

**(b)** County of Residence of First Listed Plaintiff  **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Lackawanna**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph S. Oxman, 1015 Chestnut Street, Suite 1500, Phila., PA 19107, (215) 665-9999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | | **Other:** | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. Section 1983
Brief description of cause:
1983 Civil Rights Case

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE 6-4-21

SIGNATURE OF ATTORNEY OF RECORD  /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __2504 North 32nd Street, Philadelphia, PA 19132__

Address of Defendant: __100 S. Washington Ave., Scranton, PA 18503 and 340 N. Washington Ave., Scranton, PA 18503__

Place of Accident, Incident or Transaction: __2504 North 32nd Street, Philadelphia, PA 19132__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     _____     **207956**
                                *Must sign here*                  *Attorney I.D. # (if applicable)*
                            *Attorney-at-Law / Pro Se Plaintiff*

---

**CIVIL:** (Place a √ in one category only)

**A.**  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Joseph S. Oxman__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __6-4-21__   __[signature]__   _____   **207956**
                                      *Sign here if applicable*   *Attorney I.D. # (if applicable)*
                                  *Attorney-at-Law / Pro Se Plaintiff*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| **ABDULLAH HARRIS**<br>2504 North 32nd Street<br>Philadelphia, PA.<br>            Plaintiff,<br>vs.<br><br>**OFFICER THOMAS McDONALD,**<br>**UNKNOWN OFFICERS**<br>100 S. Washington Ave.<br>Scranton, PA 18503<br><br>and<br><br>**THE CITY OF CHESTER**<br>340 N. Washington Ave.<br>Scranton, PA. 18503<br><br>            Defendants | CIVIL ACTION<br><br>NO.<br><br>District Judge<br><br>COMPLAINT FOR VIOLATIONS OF THE 4TH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES, SECTION 1983 OF THE CIVIL RIGHTS ACT, FALSE ARREST, FALSE IMPRISONMENT, MALICIOUS PROSECUTION, FAILURE TO TRAIN AND SUPERVISE UNDER MONELL, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.                  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                           ( X )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                              ( )

| _6\4\2021_ | _Joseph Oxman, Esquire_ | _Abdullah Harris_ |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 665-9999 | (215) 569-8811 | Oxmanj@ogklawyers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

OXMAN, GOODSTADT, & KURITZ
BY: **JOSEPH S. OXMAN, ESQUIRE**
IDENTIFICATION NO: 207956
1015 Chestnut Street, Suite 1500
Philadelphia, PA 19107
(215) 665-9999
Attorney for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ABDULLAH HARRIS**<br>2504 North 32nd Street<br>Philadelphia, PA.<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>**OFFICER THOMAS McDONALD,**<br>**UNKNOWN OFFICERS**<br>100 S. Washington Ave.<br>Scranton, PA 18503<br><br>and<br><br>**THE CITY OF CHESTER**<br>340 N. Washington Ave.<br>Scranton, PA. 18503<br>　　　　　　　　　　Defendants. | **CIVIL ACTION NO.**<br><br>**District Judge**<br><br>**COMPLAINT FOR VIOLATIONS OF THE 4TH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES, SECTION 1983 OF THE CIVIL RIGHTS ACT, FALSE ARREST, FALSE IMPRISONMENT, MALICIOUS PROSECUTION, FAILURE TO TRAIN AND SUPERVISE UNDER MONELL, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

Plaintiff, Abdullah Harris, by way of Complaint against defendants says:

### **PARTIES**

1. Plaintiff, Abdullah Harris, is an adult individual and citizen of the State of Pennsylvania, residing in Philadelphia.

2. Defendant, City of Scranton, was and still is a domestic municipal corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, with a principal place of business located at 340 N. Washington Avenue, Scranton, PA. 18503.

3. Defendants, Officer Thomas McDonald and Unknown Officers, were at all times relevant employees of the defendant, City of Scranton. At all times herein mentioned, defendants

Officer McDonald and Unknown Officers, were acting under the color of law and their individual capacity as police officers of the defendant, City of Scranton.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the lawsuit because the action arises under the Laws and Constitution of the United States, in particular, the Fourth Amendment and 42 U.S.C.A. § 1983.

5. Plaintiff was deprived of his rights secured to him under the Constitution and the laws of the United States including, but not limited to, his right to be secure in his person and property and be free from unlawful arrests and seizures, and freedom from imprisonments when no probable cause exists.

6. Plaintiff, Abdullah Harris was arrested, charged, and incarcerated without probable cause and was falsely and maliciously imprisoned and prosecuted without any cause or legal justification.

7. The Court has supplemental jurisdiction under 28 U.S.C § 1367 over plaintiff's claims arising under State law, including but not limited to violations of his State rights against defendants for, false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the claims at issue arose in this judicial district.

## COMPLAINT
## GENERAL ALLEGATIONS

9. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

10. On or about June 14, 2019, while plaintiff, his girlfriend and their children were asleep, Scranton Police came to plaintiff's house with SWAT vehicles and tactical units.

11. Plaintiff's step-daughter, Justina, answered the front door of plaintiff's house when defendant McDonald, and several other Unknown Officers, yelling and screaming at Justina "where are your parents."

12. SWAT vehicles were stationed at the front and back door of plaintiff's house with numerous Unknown Officers surround the house as well.

13. Plaintiff went to the backdoor of his house where defendant Officer McDonald asked plaintiff "do you know why we are here?" to which plaintiff answered "no."

14. Defendant McDonald then handcuffed plaintiff and told plaintiff there was a warrant for his arrest.

15. Defendant McDonald then told plaintiff that a confidential informant had bought drugs at the plaintiff's house to which plaintiff told defendant McDonald that you've got the wrong person and house.

16. Defendants never searched plaintiff's house because they did not possess a warrant to search.

17. Defendants them moved plaintiff's entire family outside of the house for no apparent reason since defendants did have a search warrant for the house.

18. Defendant Officer McDonald then took plaintiff to a back alley where he was repeatedly questioned about whether he was "hiding anything in the house" to which plaintiff repeatedly said "no."

19. Plaintiff was then taken to the Scranton Police Station where he was processed and charged with possession with the intent to deliver crack cocaine even though the defendants never recovered any crack cocaine from plaintiff's house or person.

20. Client was arraigned and bail was set at $150,000 which plaintiff could not pay.

21. As a result of his illegal arrest plaintiff spent four months in the Lackawanna County Jail.

22. On October 30, 2019 all charges were dismissed against the plaintiff after plaintiff's criminal defense attorney received a copy of plaintiff's arrest warrant which did not name the plaintiff and had the wrong address for the "search and arrest."

23. Further, evidence has surfaced in the criminal prosecution of defendant Officer McDonald, in exchange for sex, he falsified evidence and illegally coerced prostitutes into making false drug claims against citizens of Scranton.

24. As a result of plaintiff's illegal arrest, prosecution and incarceration, plaintiff was deprived of his underage children where he was their main caregiver and missed several job interviews including an interview with Kane Warehousing.

**COUNT I**
**PLAINTIFF ABDULLAH HARRIS vs. OFFICER THOMAS McDONALD AND UNKNOWN OFFICERS**
**THE RIGHT OF PEOPLE TO BE SECURE IN THEIR PERSONS UNDER THE 4th AMENDMENT OF THE UNITED STATES CONSTITUTION**
**FALSE DETENTION, FALSE ARREST, FALSE IMPRISONMENT AND MALICIOUS PROSECUTION UNDER SECTION 1983, OF THE CIVIL RIGHTS ACT**

25. The allegations contained above are incorporated herein as though fully set forth.

26. The above described actions of defendants' on June 14, 2019, constitute violations of plaintiff's constitutionally protected right to be secure in his person as provided by the 4th Amendment of the United States Constitution.

27. The arrest and detention of plaintiff, by defendants were carried out unlawfully, intentionally and maliciously, without just or probable cause, for the express purpose of trying to justify the illegal false arrest, false imprisonment and malicious prosecution of plaintiff.

28. The arrest and detention of plaintiff by defendants violated his rights under the United States Constitution and the Laws of the State of Pennsylvania.

29. The actions of defendants as police officers were committed under color of law and authority of defendant City of Scranton and its police department, and while acting in their individual capacity as police officers.

30. The actions or inactions of the defendant police officers recklessly disregarded and therefore deprived plaintiff of his rights under the Laws and Constitution of the United States, in particular, the Fourth Amendment and 42 U.S.C.A. § 1983, including but not limited to the right to be secure in this person, to be free from unlawful seizures and arrest.

**COUNT II**
**PLAINTIFF ABDULLAH HARRIS vs. THE CITY OF SCRANTON**
**FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE DEFENDANTS THOMAS McDONALD AND UNKNOWN OFFICERS UNDER SECTION 1983, OF THE CIVIL RIGHTS ACT AND "MONELL"**

31. The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

32. Defendant, City of Scranton and its police department, as a matter of policy and practice failed to discipline, train, supervise or otherwise sanction police officer Thomas McDonald and Unknown Officers who have violated the rights of citizens by illegally arresting citizens without probable cause, including the plaintiff's, thus encouraging defendants Officer McDonald and Unknown officers in this case to engage in illegally arresting the citizens of the City of Scranton.

33. It is well documented that defendant McDonald was charged by Pennsylvania and Federal Agents with illegally coercing confidential informants to give false evidence against citizens of Scranton by trading sexual acts with prostitutes.

34. As a result of defendant McDonald's illegal falsifications of confidential informant testimony, more than 20 criminal cases were dropped by the City of Scranton because McDonald's police investigative work was deemed no longer credible.

35. Additionally, during the criminal investigation against defendant officer McDonald, text messages were found on McDonald's phone indicating racial profiling.

36. Defendants, City of Scranton and its police department as a further matter of policy and practice failed to train properly its police officers Thomas McDonald and Unknown Officers, with respect to the constitutional, statutory and departmental limits of their authority including refraining from illegal arrests based on falsified evidence.

37. The defendant, City of Scranton and its Police Department were on actual notice of a need to train, supervise, discipline or terminate defendant officers McDonald and other unknown officers, prior to the incident in question, as numerous other similar incidents of illegal arrest based on falsified evidence have occurred in the past involving defendants Officer McDonald and Unknown officers.

## COUNT III
## PLAINTIFF ABDULLAH HARRIS VS. OFFICER THOMAS McDONALD AND UNKNOWN OFFICERS
## MALICIOUS PROSECUTION

38. The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

39. The defendants had no probable cause to arrest and initiate the criminal charges against the plaintiff since that criminal charges against the plaintiff were made illegally with falsified witness testimony.

40. The defendants acted maliciously when they manufactured false evidence against the plaintiff and knowingly used that evidence along with perjured testimony in an attempt to secure a wrongful criminal conviction against the plaintiff.

41. The actions of defendants amount to a malicious prosecution under both 28 U.S.C. section 1983 and the common law.

## COUNT IV
## PLAINTIFF ABDULLAH HARRIS VS. OFFICER THOMAS McDONALD AND UNKNOWN OFFICERS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. The allegations contained above are incorporated herein as though fully set forth.

43. The above described illegal detention and arrest of the plaintiff constitutes an assault and battery by defendants Officer McDonald and Unknown Officers, as a result of which plaintiff was injured and sustained severe and significant emotional distress, including but not limited to, loss of sleep, loss of appetite, depression, inability to perform daily activities of work and life.

## PLAINTIFF ABDULLAH HARRIS VS. OFFICER THOMAS McDONALD, UNKNOWN OFFICERS AND THE CITY OF SCRANTON
### DAMAGES

44. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

45. As a direct and proximate result of the defendants' conduct, plaintiff suffered physical pain and suffering in the past and future, severe mental anguish in the past and future and was deprived of his Constitutional Rights as aforementioned, and as such will suffer economic damages and was otherwise damaged.

46. The plaintiff has suffered and will suffer in the future from permanent residuals.

### ATTORNEY FEES

47. It was necessary for plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgment, plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988 (b).

### PRAYER

48. The above paragraphs are repeated and incorporate herein by reference as if set forth in full.

49. Plaintiff demands judgment against defendants McDonald and Unknown Officers individually, jointly and/or in the alternative for: compensatory damages, punitive damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

50. Plaintiff demands judgment against defendant, City of Scranton, jointly and/or in the alternative for: compensatory damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

51. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule 38, a trial by jury on all issues.

Respectfully submitted,

JOSEPH OXMAN, ESQUIRE
Attorney for Plaintiff

## **V E R I F I C A T I O N**

The undersigned hereby verifies that the within document is based on first-hand information and on information furnished to counsel and obtained by him in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by him during the course of this lawsuit, affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This verification is made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

_____
PLAINTIFF