UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**ABDULLAH HARRIS,** :

    **Plaintiff**             :     CIVIL ACTION NO. 3:21-1851

    **v.**                   :     **(JUDGE MANNION)**

**OFFICER THOMAS MCDONALD,** :
**UNKNOWN OFFICERS, and**
**THE CITY OF SCRANTON,** :

    **Defendants**        :

## MEMORANDUM

Before the court is defendant Thomas McDonald's ("McDonald") motion to dismiss the amended complaint's claims against him for insufficient service of process and lack of personal jurisdiction. (Doc. 22). For the following reasons, McDonald's motion to dismiss will be **GRANTED**.

### I.   BACKGROUND

Plaintiff commenced this action on June 4, 2021 in the Eastern District of Pennsylvania against McDonald, Unknown Officers, and The City of Scranton (together, the "defendants"). (Doc. 1). On June 7, 2021, he filed an amended complaint asserting claims under 42 U.S.C. §1983 and state law which relate to his 2019 arrest and subsequent detainment. (Doc. 2). By a

letter dated August 25, 2021, Judge Eduardo C. Robreno noted that service of the complaint had not yet been made and instructed that if service is not made by September 5, 2021, the complaint will be subject to dismissal. (Doc. 23-2).

On August 27, 2021, the plaintiff filed a summons and proof of service for McDonald, which list the latter's address as 100 S. Washington Ave., Scranton PA 18503, or the Scranton Police Department,[1] and stated that service was accepted by "Officer Merkel" on August 16, 2021. (Doc. 6). On September 10, 2021, defendant City of Scranton filed a motion to dismiss and/or transfer venue to the Middle District of Pennsylvania. (Doc. 8). On September 23, 2021, McDonald filed a motion to dismiss for insufficient service of process, personal jurisdiction, improper venue, or, in the alternative, to transfer venue to the Middle District of Pennsylvania. (Doc. 14). By an order dated October 27, 2021, Judge Robreno granted the defendants' request to transfer the case to the Middle District of Pennsylvania and denied McDonald's motion to dismiss without prejudice. (Doc. 18).

---

[1] As McDonald's and the court's own research indicate that 100 S. Washington Ave., Scranton PA 18503 is the address of the Scranton Police Department, the court takes judicial notice of this fact. F.R.E. 201(c)(1).

After the above-captioned action was transferred to this court, McDonald moved to dismiss plaintiff's claims against him for insufficient service of process and lack of personal jurisdiction. (Docs. 22, 23). The plaintiff filed a timely response to the motion. (Doc. 25).

On April 6, 2022, the plaintiff filed a proof of service indicating that McDonald was personally served in Scranton, Pennsylvania on March 10, 2022. (Doc. 37).

McDonald's motion to dismiss is ripe for the court's present review.

## II.   STANDARD OF REVIEW

McDonald seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5).

Federal Rule of Civil Procedure 12(b)(2) permits defendants to bring a motion challenging a court's right to exercise personal jurisdiction over them. Fed. R. Civ. P. 12(b)(2)). Once a defendant has raised a lack of personal jurisdiction as a defense, the burden shifts to the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper. *Zippo Mfg. Co. v. Zippo Dot Com. Inc.*, 952 F.Supp. 1119, 1121 (W.D. Pa. 1997). A Rule 12(b)(2) motion "inherently requires resolution of factual issues

outside the pleadings." <u>DiLoreto v. Costigan</u>, 600 F.Supp.2d 671, 681 (E.D. Pa. 2009).

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." <u>Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.</u>, 484 U.S. 97, 104 (1987). Rule 4 of the Federal Rules of Civil Procedure "sets forth the procedure by which a court obtains personal jurisdiction over the defendant" and prescribes the process for properly serving a defendant. <u>Ayres v. Jacobs & Crumplar, P.A.</u>, 99 F.3d 565, 569 (3d Cir. 1996); <u>Fed.R.Civ.P 4</u>. Where a plaintiff fails to comply with the procedural requirements of Rule 4, a defendant may move to dismiss the complaint for "insufficient service of process" pursuant to Rule 12(b)(5). <u>Fed.R.Civ.P. 12(b)(5)</u>. In such a motion, "the party asserting the validity of service bears the burden of proof on that issue." <u>Grand Entm't Group, Ltd. v. Star Media Sales, Inc.</u>, 988 F.2d 476, 488 (3d Cir. 1993). "That party must do so by a preponderance of the evidence using affidavits, depositions and oral testimony." <u>Kohar v. Wells Fargo Bank, N.A.</u>, No. 15-1469, 2016 WL 1449580, at *2 (W.D. Pa. April 13, 2016) (citing <u>State Farm Mut. Auto. Ins. Co. v. Tz'doko V'Chesed of Klausenberg</u>, 543 F. Supp. 2d 424, 428 (E.D. Pa. 2008)).

## III. DISCUSSION

<u>Rule 4 of the Federal Rules of Civil Procedure</u> sets forth the process for properly issuing and serving a summons. The rule provides that an individual may be properly served pursuant to the law of the state in which the court is located,[2] or by doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[2] Under the state law method, pursuant to <u>Pa. R.C.P. 402</u>, original process may be served:
    1.) by handing a copy to the defendant; or
    2.) by handing a copy
        (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or
        (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.
See <u>Pa. R.C.P. 402(a)(1)-(2)</u>. In lieu of service under this rule, the defendant or his authorized agent may accept service of original process by filing a separate document which shall be substantially in the form prescribed under <u>Pa. R.C.P. 402(b)</u>. See <u>Pa. R.C.P. 402(b)</u>.

*See* Fed.R.Civ.P. 4(e). Rule 4(m) prescribes the time limit for service of process, and provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*See* Fed.R.Civ.P 4(m). Under Rule 4(m), a court must extend the time for service for an appropriate period upon showing of good cause for the plaintiff's failure to serve. Fed.R.Civ.P 4(m). In determining the existence of good cause for a plaintiff's failure to properly serve a defendant, courts have considered three factors: "(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve." *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 33 Fed.R.Serv.3d 687 (3d Cir. 1995) (citing *Petrucelli*, 46 F.3d at 1312). "If good cause has not been shown…the court may still grant the extension in the sound exercise of its discretion." *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998) (citations omitted).

In the instant case, the plaintiff has failed to properly serve defendant McDonald within ninety days. Instead, he served McDonald approximately six months after the expiration of the Rule 4(m) period.

In opposing the instant motion to dismiss, the plaintiff submitted a response brief that is less than two pages in length. (Doc. 25). In it, he argues that he perfected service upon McDonald on August 16, 2021, when a copy of the summons was accepted by Officer Merkel at the Scranton Police Department. (Doc. 6). He further maintains that "[w]hether or not defendant McDonald is still an employee of the Scranton Police Department is not relevant to service as plaintiff can only reasonable rely on the fact that service was accepted by the department." (Doc. 25 at ¶3).

The court disagrees with the plaintiff and finds that service upon McDonald was not properly made before he was allegedly personally served on March 10, 2022. The record indicates that McDonald has not worked for the Scranton Police Department since June 19, 2020, over a year prior to plaintiff's alleged service upon him there. (*See* Doc. 23-3). While a plaintiff may properly serve a defendant by delivering a copy of the summons and complaint to the defendant's authorized agent, nothing in the record indicates that Officer Merkel was an agent authorized by appointment or law to receive service of process on McDonald's behalf. Moreover, contrary to

the plaintiff's groundless suggestions otherwise, acceptance of service by itself is insufficient to show proper service of process under Rule 4. *See, e.g., Valley Rod & Gun Club v. Chesapeake Appalachia, LLC*, No. 3:CV–13–0725, 2013 WL 4083897, at *2 (M.D.Pa. Aug. 13, 2013) (plaintiff failed to meet its burden to show valid service of process as it failed to establish that the individual who accepted service on defendant's behalf was the defendant's authorized agent).

Moreover, the court finds no good cause exists for plaintiff's failure to properly serve McDonald. Initially, nothing in the record indicates that the plaintiff solicited a waiver of service from McDonald. In the absence of a service waiver from McDonald, the plaintiff did not serve him until about six months after the ninety-day deadline set forth in Rule 4(m). The plaintiff was made aware of his obligation to serve McDonald by Judge Robreno's letter dated August 25, 2021, which instructed him to timely serve the defendants. It appears from the record that the plaintiff could have, with the exercise of reasonable diligence, discovered that his attempt to serve McDonald at the Scranton Police Department was in error as McDonald originally averred that he was not properly served in a motion to dismiss filed on September 23, 2021. Nothing in the record indicates that McDonald has attempted to evade service. Furthermore, the plaintiff never moved for an extension of time in

order to properly effect service before or after the time allotted under Rule 4 had elapsed.

Having found that no cause exists to excuse the improper service, the court must now determine whether time for service should be extended. In doing so, a district court may consider "actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint." Chiang v. U.S. Small Business Administration, 331 Fed.Appx. 113 (3d Cir. 2009)(citing Fed.R.Civ.P. 4(m) Notes of Advisory Committee on 1993 amendments; Boley v. Kaymark, 123 F.3d 7563, 759 (3d Cir. 2009)).

The court, having weighed these factors, does not find that a discretionary extension of time to serve is appropriate considering the circumstances of this case. McDonald argues that the court should decline extending time for service despite the possible running of time limits that apply to plaintiff's claims against him.[3] The court agrees with McDonald's

---

[3] "[A] §1983 claim is governed by the statute of limitations that applies to personal injury tort claims in the state in which such a claim arises." Kach v. Hose, 589 F.3d 626, 639 (3d Cir.2009). Since plaintiff's §1983 claims of false detention, false arrest, false imprisonment, and malicious prosecution arise from plaintiff's arrest and detainment in Pennsylvania, they are governed by

position. The Third Circuit Court of Appeals has emphasized that "the running of the statute of limitations does not require the district court to extend time for service of process." *Petrucelli v. Borhinger and Ratzinger*, 46 F.3d 1298, 1306 (3d Cir. 1995). "[A]bsent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred." *Id.* "'Half-hearted' efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay," even when dismissal results in the plaintiff's case being time-barred. *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (1987) (citations omitted).

Here, the plaintiff is represented by counsel. He had ample opportunity to serve McDonald but has failed to do so until about six months after the

---

the personal injury statute of limitations in Pennsylvania. (Doc. 1 at ¶¶10, 21). Plaintiff's §1983 claims appear to be subject to a two-year statutes of limitations. See 42 Pa.S.C.S. §5521(1) ("The following actions and proceedings must be commenced within two years: (1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process). His common law claims, malicious prosecution and intentional infliction of emotional distress, are also governed by this two-year limitations period. *See id.*

According to the amended complaint, plaintiff's claims relate to his arrest on June 14, 2019 and subsequent four month detainment in Lackawanna County Jail prior to the dismissal of charges against him on October 30, 2019. (Doc. 1 at ¶¶10, 21, 22). It thus appears that plaintiff's claims would be time-barred under the relevant statutes of limitations if such claims were dismissed.

expiration of the Rule 4(m) period and has never sought leave of the court for an extension of time to effect service.  He was, moreover, previously warned that failure to effect service upon the defendants would subject his complaint to dismissal. Permitting the plaintiff additional time to perfect service upon McDonald at this juncture would be prejudicial to McDonald as over two years have lapsed since the occurrence of the events which underly plaintiff's claims. See McCurdy, 157 F.3d at 196 (affirming district court's refusal to extend time for service despite the expiration of relevant statutes of limitations as "justice also requires that the merits of a particular dispute be placed before the court in a timely fashion so that the defendant is not forced to defend against stale claims.").

Exercising its discretion, the court, declines to extend time for service and will dismiss the plaintiff's claims against McDonald without prejudice.[4]

---

[4] Because dismissal for lack of personal jurisdiction under Rule 12(b)(2) or for insufficient service of process under Rule 12(b)(5) does not constitute a ruling on the merits, dismissal under such rules is made without prejudice. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999) ("Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them.") (citations omitted); see also Umbenhauer v. Woog, 969 F.2d 25, 32 n. 6 (1992) ("we have held that dismissals under Fed.R.Civ.P. 4(j), 12(b)(4) and 12(b)(5) must be entered without prejudice.") (citation omitted).

## IV. CONCLUSION

For the foregoing reasons, the court will grant defendant McDonald's motion to dismiss, (Doc. 22). Plaintiff's claims against McDonald will be dismissed without prejudice for failure to timely serve McDonald under Fed.R.Civ.P. 4(m).

An appropriate order follows.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: May 25, 2022**
21-1851-01