# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **ABDULLAH HARRIS**<br><br>Plaintiff,<br>vs.<br><br>**OFFICER THOMAS McDONALD et. al**<br><br>Defendants. | **3:21-cv-01851** |

## O R D E R

AND NOW, this     day of        , 2022, upon consideration of Plaintiff's Petition to Enforce the Subpoena served upon the U.S. Attorney's Office, Middle District of Pennsylvania and any response therein, it is hereby ORDERED and DECREED that Plaintiff's Petition is GRANTED and the U.S. Attorney's Office must deliver to Plaintiff's counsel the requested documents within ten days of this order.

**BY THE COURT:**

_____

**J. MALACHY MANNION**

OXMAN, GOODSTADT, & KURITZ
BY: **JOSEPH S. OXMAN, ESQUIRE**
IDENTIFICATION NO: 207956
1518 Walnut Street
Suite 1010
Philadelphia, PA  19102
(215) 665-9999
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ABDULLAH HARRIS**<br><br>Plaintiff,<br>vs.<br><br>**OFFICER THOMAS McDONALD et. al**<br><br>Defendants. | **3:21-cv-01851-NEM** |

## PLAINTIFFS PETITION TO ENFORCE THE SUBPOENA SERVED UPON THE U.S. DEPARTMENT OF JUSTICE, MIDDLE DISTRICT OF PENNSYLVANIA

The Plaintiff moves this Honorable Court to grant the Petition of Plaintiff,

and in support thereof avers the following:

1. On June 13, 2022, plaintiff's counsel served a Subpoena to Produce

   Documents upon the U.S. Attorney's Office for the Middle District of

   Pennsylvania in Scranton. **(See Exhibit A)**

2. Plaintiff's counsel requested all files regarding the criminal matter <u>USA v. McDonald</u>, 3:21-CR-00168.

3. On June 28, 2022, The U.S. Attorney's Office responded with a letter denying plaintiff's counsel subpoena under <u>U.S. ex rel Touhy v. Ragen</u>, 340 U.S. 462 (1951) but allowing plaintiff's counsel to submit a "Summary of the information sought and the relevance to the proceeding" for reconsideration. **(See Exhibit B).**

4. On July 7, 2022, plaintiff's counsel submitted a letter to the U.S. Attorney's Office with a "Summary of the information sought and the relevance to the proceeding" in the plaintiff's case. Plaintiff requested all investigation documents, charging documents, witness interview transcripts, testimony transcripts and any Lackawanna County criminal documents that were seized by the FBI. **(See Exhibit C).**

5. On July 22, 2022, Touhy regulations were again cited by the U.S. Attorney's Office as the reason to bar discovery to the plaintiff. Plaintiff received a "prohibition letter" from the U.S. Attorney's Office stating unilaterally "no nexus relevance between our prosecution of Thomas McDonald and your underlying civil suit against McDonald." **(See Exhibit D).**

6. *Touhy* regulation violate the right to compulsory process and violate the

   rules of discovery <u>United States v. Wallace</u>, 32 F.3d 921 (5th Cir 1994);

   <u>United States v. Allen</u>, 554 F.2d 398, 406 (10th Cir. 1977)

WHEREFORE, Plaintiff requests that this honorable grants plaintiff's

petition and order the U.S. Attorney's Office for the Middle District to comply

with plaintiff's subpoena to produce documents.

Respectfully submitted by,

Joseph Oxman, Esquire
Attorney for Plaintiff

OXMAN, GOODSTADT, & KURITZ
BY: **JOSEPH S. OXMAN, ESQUIRE**
IDENTIFICATION NO: 207956
1518 Walnut Street
Suite 1010
Philadelphia, PA 19102
(215) 665-9999
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **ABDULLAH HARRIS**<br><br>Plaintiff,<br>vs.<br><br>**OFFICER THOMAS McDONALD et. al**<br><br>Defendants. | **3:21-cv-01851-NEM** |

## PLAINTIFFS PETITION TO ENFORCE SUBPOENA SERVED UPON THE U.S. DEPARTMENT OF JUSTICE, MIDDLE DISTRICT OF PENNSYLVANIA

The Plaintiff moves this Honorable Court to grant the Petition of Plaintiff,

and in support thereof avers the following memorandum of law:

## I.    STATEMENT OF FACTS

Sometime between June 6th and June 8th of 2019, "Spathelf" and "Gerrity"

were detailed to Scranton Officer "McDonald" to put the plaintiff under

surveillance in enticing the plaintiff to make a control buy of heroin from a

confidential informant. On two occasions between June 6th and June 8th of 2019,
Gerrity and/or Spathelf were conducting surveillance of the plaintiff in which they
were able to take pictures of the plaintiff while an alleged "controlled buy" was
underway involving the plaintiff.

Plaintiff's counsel, on May 6, 2022, after numerous requests for complete
document disclosures from Defendant City of Scranton, finally received the
"surveillance photographs" of plaintiff allegedly taken by Gerrity and/or Spathelf
between June 6th and June 8th of 2019. After plaintiff's counsel examined the
photographs, it became clear that the digital "date imprint" on the photographs was
August 9, 2019. The "date imprints" clearly call into question whether these
photographs were actually taken between June 6th and June 8th of 2019. The
affidavit of probable cause written by defendants, which was used to obtain a
search and arrest warrant of the plaintiff, which relied on the alleged "surveillance
photographs" of the plaintiff, clearly raises the issue as to whether or not Gerrity,
Spathelf and McDonald were involved in a conspiracy to falsify evidence against
the plaintiff and have him illegally arrested and falsely imprisoned. (See exhibit
A).

Then on June 14, 2019, while plaintiff, his girlfriend and their children were
asleep, Scranton Police came to plaintiff's house with SWAT vehicles and tactical
units. Plaintiff's step-daughter, Justina, answered the front door of plaintiff's house

when defendant McDonald, and several other Unknown Officers, yelling and screaming at Justina "where are your parents." SWAT vehicles were stationed at the front and back door of plaintiff's house with numerous Unknown Officers surrounding the house as well. Plaintiff went to the backdoor of his house where defendant Officer McDonald asked plaintiff "do you know why we are here?" to which plaintiff answered "no."

Defendant McDonald then handcuffed plaintiff and told plaintiff there was a warrant for his arrest. Defendant McDonald then told plaintiff that a confidential informant had bought drugs at the plaintiff's house to which plaintiff told defendant McDonald that you've got the wrong person and house. Defendants never searched plaintiff's house because they did not possess a warrant to search.

Defendants them moved plaintiff's entire family outside of the house for no apparent reason as defendants again did not have a search warrant for the house. Defendant Officer McDonald then took plaintiff to a back alley where he was repeatedly questioned about whether he was "hiding anything in the house" to which plaintiff repeatedly said "no."

Plaintiff was then taken to the Scranton Police Station where he was processed and charged with possession with the intent to deliver crack cocaine even though the defendants never recovered any crack cocaine from plaintiff's

house or person. Client was arraigned and bail was set at $150,000 which plaintiff could not pay.

As a result of his illegal arrest plaintiff spent four months in the Lackawanna County Jail.  On October 30, 2019 all charges were dismissed against the plaintiff after plaintiff's criminal defense attorney received a copy of plaintiff's arrest warrant which did not name the plaintiff and had the wrong address for the "search and arrest."

Further, evidence has surfaced in the U.S. Attorney's Office criminal prosecution of defendant Officer McDonald that, in exchange for sex, McDonald falsified evidence and illegally coerced prostitutes into making false drug claims against citizens of Scranton. As a result of plaintiff's illegal arrest, plaintiff suffered emotional distress from his prosecution and incarceration. Additionally, plaintiff was deprived of his underage children, as he was their main caregiver, and missed several job interviews including an interview with Kane Warehousing.

## II.   **ARGUMENT**

A district court can enforce subpoenas based upon findings that the information sought was not from a named party nor privileged, which is essential to the fair administration of justice in a civil action Boron Oil Co. v. Downie, 873 F.2d at 68; Smith v. Cromer, 159 F.3d 875 (4th Cir. 1998).

In Exxon Shipping Co. v. U.S. Dept. of Interior the Ninth Circuit held that non-party federal agencies must produce evidence in response to the subpoenas of private litigants, subject only to the court's discretionary right to limit burdensome discovery under Rules 26 and 45 of the Federal Rules of Civil Procedure. 34 F.3d 774, 778-779 (9th Cir. 1994); Comsat Corp. v. Nat'l Science Foundation, 190 F.3d 269 (4th Cir. 1999).

Federal Rule of Civil Procedure 45 authorizes court-issued subpoenas to obtain discovery from third parties, and Rule 26, which generally governs civil discovery, provides: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" Fed.R.Civ.P. 26(b)(1). Rule 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Crawford-El v. Britton, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998).

Rule 45 also supplies the standards under which district courts assess agency objections to a subpoena. The rule requires that district courts quash subpoenas that call for privileged matter or would cause an undue burden. Courts have applied these Rule 45 standards to document subpoenas issued to third-party agencies or agency employees in federal civil suits Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1212 (D.C.Cir.1996); see also Linder, 251 F.3d at 181.

Rule 45's privilege and undue burden standard thus applies to both document and testimonial subpoenas. Exxon Shipping, 34 F.3d at 779. Moreover, an agency's Touhy regulations do not relieve district courts of the responsibility to analyze privilege or undue burden assertions under Rule 45. An agency's Touhy regulations are relevant for internal housekeeping and determining who within the agency must decide how to respond to a federal court subpoena. 5 U.S.C. § 301 (authorizing Touhy regulations but providing: "This section does not authorize withholding information from the public or limiting the availability of records to the public."); Yousuf, 451 F.3d at 257; Watts v. S.E.C., 482 F.3d 501 (D.C. Cir. 2007). "With these tools, district courts in cases involving third-party subpoenas to government agencies or employees can adequately protect both the litigant's right to evidence and the 'government's interest in not being used as a speakers' bureau for private litigants.' Exxon Shipping, 34 F.3d at 780..." Watts v. S.E.C., 482 F.3d 501 (D.C. Cir. 2007).

In the present case, it is essential for the plaintiff to discover why defendant McDonald was terminated form the Scranton Police Department and why he was charged criminally. Additionally, why over twenty of the criminal cases he was involved in as either an arresting officer, affiant or witness were dismissed by the City of Scranton.

It is plaintiff's reasonable belief that Defendant McDonald used many of the same confidential informants in the cases that were dismissed by the Lackawanna County District Attorney's Office including the plaintiff's case. It is reasonably discoverable to ascertain whether defendant McDonald lied about the actual identities and witness testimony of his confidential informants. Without that discoverable information, plaintiff cannot establish a pattern and practice of misconduct by defendant McDonald which may also point to Scranton Police Department deliberate indifference of policy and procedure under plaintiffs 1983 Monell claim.

WHEREFORE, Plaintiff respectfully asks this Court for an Order enforcing plaintiff's subpoena to the United States Attorney's Office for the Middle District of Pennsylvania to produce all documents, regarding the criminal action USA v. McDonald referenced herein.

Respectfully submitted,

Joseph Oxman, Esquire
Attorney for Plaintiff

## **VERIFICATION**

I, Joseph Oxman, Esquire, hereby state that I am the attorney for the plaintiff in this action and verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief.

The understand the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

JOSEPH OXMAN, ESQUIRE

## CERTIFICATE OF SERVICE

I, JOSEPH OXMAN, ESQUIRE, being duly sworn according to law, deposes and says that on July 29, 2022, I did deliver, a true and correct copy of Plaintiff's Petition to Enforce the Subpoena served upon the U.S. Attorney's Office, and that the foregoing is true and correct to the best of my knowledge, information and belief.

JOSEPH OXMAN, ESQUIRE

U.S. Attorney Gerard Karam
Assistant U.S. Attorney G. Michael Thiel
U.S. Attorney's Office
235 N. Washington Avenue, Suite 311
P.O. Box 309
Scranton, PA. 18503-0309

# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### Middle District for the of Pennsylvania

Abdullah Harris
_____
*Plaintiff*

v.

The City of Scranton
_____
*Defendant*

)
)
)
)
)
)

Civil Action No. 3:21-1851
(Judge Mannion)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Michelle Olshefski / U.S. Attorney's Office, (Scranton) P.A
_____
*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All files regarding: USA v. McDonald: 3:21-CR-00168

| Place: Oxman Goodstadt Kuvitz 1518 Walnut Street, Suite 1010 Phila, PA. 19102 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6-13-22

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Abdullah Harris
Joseph Oxman, Esquire , who issues or requests this subpoena, are:
oxmanj@ogklawyers.com / 215-665-9999

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:21-1851

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Michelle Olshefski / US Attorney's Office

on *(date)*.     06/14/2022

☑ I served the subpoena by delivering a copy to the named person as follows:     Accepted by Patricia Mellody,

Office Admin, at 235 N. Washington Ave., Scranton, PA 18501 at 1:50pm

on *(date)*        06/21/2022        ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                    for travel and $                    for services, for a total of $        0.00

I declare under penalty of perjury that this information is true.

Date:   6/23/22

*Server's signature*

Brian Duffy- Process Server
*Printed name and title*

PO Box 1706
Southampton, PA 18966

*Server's address*

Additional information regarding attempted service, etc.:

# Exhibit B



**U.S. Department of Justice**

*Gerard M. Karam*
*United States Attorney*
*Middle District of Pennsylvania*

*Website: www.justice.gov/usao/pam/*
*Email: usapam.contact@usdoj.gov*

| | | |
|---|---|---|
| *William J. Nealon Federal Building* | *Ronald Reagan Federal Building* | *Herman T. Schneebeli Federal Building* |
| *235 N. Washington Avenue, Suite 311* | *228 Walnut Street, Suite 220* | *240 West Third Street, Suite 316* |
| *P.O. Box 309* | *P.O. Box 11754* | *Williamsport, PA 17701-6465* |
| *Scranton, PA 18503-0309* | *Harrisburg, PA 17108-1754* | *(570) 326-1935* |
| *(570) 348-2800* | *(717) 221-4482* | *FAX (570) 326-7916* |
| *FAX (570) 348-2037/348-2830* | *FAX (717) 221-4493/221-2246* | *TTY (570) 326-9843* |
| *TTY (570) 341-2077* | *TTY (717) 221-4452* | |

*Please respond to: Scranton*

June 28, 2022

Via First Class Mail

Joseph X. Oxman, Esquire
Oxman, Goodstadt, & Kuritz
1518 Walnut Street
Suite 1010
Philadelphia, Pa. 19102

      Re:   <u>Harris v. McDonald</u>
           <u>Subpoena issued to AUSA Olshefski</u>

Attorney Oxman,


      The United States Attorney's Office for the Middle District of
Pennsylvania (USAO) received your subpoena issued to Assistant
United States Attorney (AUSA) Michelle Olshefski for "all files"
pertaining to a criminal case <u>United States v. McDonald</u> 3:21-CR-0168.
Any request or demand for information from agencies within the
Department of Justice (DOJ) must be made pursuant to the *Touhy*
regulations. The regulations can be found at 28 C.F.R. §§ 16.21-29[1].

---

[1] The *Touhy* regulations are authorized by 5 U.S.C. § 301, which provides that the
"head of an Executive department or military department may prescribe regulations
for the government of his department, the conduct of its employees, the distribution
and performance of its business, and the custody, use, and preservation of its
records, papers, and property."

No present or former employee of the Department of Justice may be authorized to testify or produce any documents without compliance with these regulations and statutory provisions. Similar regulations have been upheld in a number of state and federal cases. See, e.g., U.S. ex rel Touhy v. Ragen, 340 U.S. 462 (1951); Commonwealth v. Smythe, 369 A.2d 300 (Pa. Super. Ct. 1976); and Davis Enterprises v. USEPA, 877 F.2d 1181 (3rd Cir. 1989).

The Department of Justice (DOJ) *Touhy* regulations apply to all DOJ components, including the USAO for the Middle District of Pennsylvania. Title 28 CFR § 16.22 governs the production or disclosure of information contained in DOJ files in Federal and State proceedings, as well as in matters, in which the United States is not a party and states:

(a) In any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part.
. . .

In order for your subpoena to be considered under these regulations, please provide us with a summary of the information sought and its relevance to the proceeding pursuant to 28 C.F.R. § 16.22.   The information you supply will be evaluated under the considerations specified at 28 C.F. R. § 16.26 and the case law discussed above.

Thank you for your time and consideration regarding this matter.


        Sincerely,

        GERARD M. KARAM
        United States Attorney


        G. MICHAEL THIEL
        Assistant United States Attorney

# Exhibit C



# OXMAN GOODSTADT KURITZ P.C.

ATTORNEYS AT LAW

1015 CHESTNUT STREET, SUITE 1500
PHILADELPHIA, PA 19107-4315
WWW.OGKLAWYERS.COM
TEL: 215-665-9999 • FAX: 215-569-8811

HARRY J. OXMAN
SHELDON A. GOODSTADT *
DAVID KURITZ *†

JOSEPH S. OXMAN
DAWNA M. COFFEY *

* ALSO MEMBER OF NJ BAR
† ALSO MEMBER OF FLA BAR

OF COUNSEL
FRANCES M. MINNIS
TODD A. GOODMAN*
DANIEL I. WARD*†

July 7, 2022

Gerard M. Karam
G. Michael Thiel
U.S. Department of Justice
Middle District of Pennsylvania
235 N. Washington Avenue, Suite 311
P.O. Box 309
Scranton, PA. 18503-0309

**RE: Harris v. McDonald 3:21-CV-01851-NEM**
**Subpoena issued to AUSA Ilshefski**

TO: Gerard Karam and G. Michael Thiel

Pursuant to your June 28, 2022 letter, I request the following documents in your possession regarding United States v. McDonald 3:21-CR-0168.

1. All investigation documents.
2. All charging documents.
3. All witness interview and testimony documents or transcripts.
4. All prosecution documents.
5. All City of Scranton criminal documents seized by the FBI related to cases where Officer McDonald was either/or an affiant or witness in those criminal cases which were dismissed or Nolle Prosequi by the City of Scranton.

Acquiring these documents is extremely relevant to the plaintiff's case. Plaintiff contends that he was wrongfully arrested by Officer McDonald based on a falsified "drug-buy" using a Confidential Informant, who plaintiff believes, did not exist, or was a C.I. that McDonald coerced into falsifying testimony in exchange for not being charged with a crime, or coerced into illegal sexual acts by McDonald. Plaintiff is well aware that McDonald was convicted of crimes related to his coercion of prostitutes who may have acted as C.I.'s for him.

Under 5 U.S.C.A. § 301 (West 1996), commonly known as the "Housekeeping Statute," federal agencies are granted authority to prescribe regulations governing the agency, including regulations for "the custody, use, and preservation of its records, papers, and property." The statute also provides that "[t]his section does not authorize withholding information from the public or limiting the availability of records to the public." U.S. v. Williams, 170 F.3d 431 (4th Cir. 1999)

District courts have jurisdiction to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," including action that is "contrary to constitutional right, power, privilege, or immunity." 5 U.S.C.A. § 706(2)(A)-(B). In addition, the APA vests the district court with authority to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C.A. § 706(1). Therefore, a state criminal defendant, aggrieved by the response of a federal law enforcement agency made under its regulations, may assert his constitutional claim to the investigative information before the district court, which possesses authority under the APA to compel the law enforcement agency to produce the requested information in appropriate cases. U.S. v. Williams, 170 F.3d 431 (4th Cir. 1999).

Please provide the above information within ten days of receipt of this letter or I will be compelled to file the appropriate motion in the district court.

Sincerely,

Joseph Oxman, Esquire

# Exhibit D



**U.S. Department of Justice**

*Gerard M. Karam*
*United States Attorney*
*Middle District of Pennsylvania*

*Website: www.justice.gov/usao/pam/*
*Email: usapam.contact@usdoj.gov*

| | | |
|---|---|---|
| *William J. Nealon Federal Building* | *Ronald Reagan Federal Building* | *Herman T. Schneebeli Federal Building* |
| *235 N. Washington Avenue, Suite 311* | *228 Walnut Street, Suite 220* | *240 West Third Street, Suite 316* |
| *P.O. Box 309* | *P.O. Box 11754* | *Williamsport, PA 17701-6465* |
| *Scranton, PA 18503-0309* | *Harrisburg, PA 17108-1754* | *(570) 326-1935* |
| *(570) 348-2800* | *(717) 221-4482* | *FAX (570) 326-7916* |
| *FAX (570) 348-2037/348-2830* | *FAX (717) 221-4493/221-2246* | *TTY (570) 326-9843* |
| *TTY (570) 341-2077* | *TTY (717) 221-4452* | |

*Please respond to: Scranton*

July 22, 2022

Via First Class Mail

Joseph S. Oxman, Esquire
OXMAN GOODSTADT KURITZ P.C.
1015 Chestnut Street, Suite 1500
Philadelphia, Pa. 19107-4315

    Re:  <u>Harris V. McDonald 3:21-CV-1851</u>
          <u>Subpoena to AUSA Michelle Olshefski</u>

Attorney Joseph S. Oxman,

    Please be advised that the Department of Justice (DOJ), by and through the United States Attorney's Office for the Middle District of Pennsylvania, hereby prohibits Assistant United States Attorney Michelle Olshefski from providing you with the requested documents from the DOJ files in the case of: *United States v. McDonald*, 3:21-CR-00168 because we find no nexus (relevance) between our prosecution of Thomas McDonald and your underlying civil suit against McDonald; Federal Regulation prohibits providing information that would disclose or reveal a confidential source or informant; and, the Crime Victim's

Rights Act (CVRA) requires that we respect a victims dignity and privacy and protect the identity of victims of sexual abuse.

On June 13, 2022, you issued a subpoena to Assistant United States Attorney Michelle Olshefski commanding the production of all Department of Justice files in the case of: *United States v. McDonald*, 3:21-CR-00168. As you know, the United States prosecuted Thomas McDonald, a former city of Scranton Police Officer, for coercing sexual favors from a number of women in exchange for getting drug charges against them dismissed and/or, agreeing not to bring drug charges against them.

Following receipt of the subpoena, undersigned counsel had a number of discussions with you concerning the information you were seeking from DOJ files and your reasons for seeking the same in your civil case against former officer McDonald alleging false arrest, false imprisonment and malicious prosecution of your client. You indicated that you believed it was possible that an alleged Confidential Informant (CI) in the criminal case against your client was coerced by former officer McDonald to provide false information for purposes of obtaining probable cause and/or make false drug claims against citizens of Scranton, including your client. You wanted to know whether there were CI's in the DOJ's prosecution of former officer McDonald and the identity of the same.

On June 28, 2022, we sent you a letter identifying what is commonly referred to as Touhy regulations and informed you that no present or former employee of the Department of Justice may be authorized to testify or produce any documents without compliance with

2

these regulations and statutory provisions and asked that you provide us with a summary of the information sought and its relevance to the underlying proceeding pursuant to 28 C.F.R. § 16.22.   We also informed you that the information you supply will be evaluated under the considerations specified at 28 C.F. R. § 16.26 and the relevant case law.

On July 7, 2022, you faxed a letter to my office requesting all investigation documents; all charging documents; all witness interview and testimony documents or transcripts; all prosecution documents; and, all City of Scranton criminal documents seized by the FBI related to cases where officer McDonald was either an affiant or witness in those criminal cases which were dismissed or Nolle Prosequi by the City of Scranton. You believe the requested DOJ files are relevant because your client was "arrested by Officer McDonald based on a falsified "drug buy" using a Confidential Informant, who Plaintiff believes, did not exist, or was a C.I. that McDonald coerced into falsifying testimony in exchange for not being charged with a crime, or coerced into illegal sex acts by McDonald."

**Lack of relevance between DOJ investigation and prosecution of McDonald and your underlying civil action against McDonald.**

The United States prosecuted Thomas McDonald, a former city of Scranton Police Officer, for coercing sexual favors from a number of women in exchange for getting drug charges against them dismissed and/or, agreeing not to bring drug charges against them. The DOJ investigation and subsequent prosecution of McDonald did not reveal

3

that McDonald coerced anyone, including any possible CI's, to provide false information for purposes of obtaining probable cause and/or make false drug claims against citizens of Scranton, including your client.

**Federal Regulation prohibits providing information that would disclose or reveal a confidential source or informant.**

Title 28 C.F.R § 16.26 sets forth the considerations in determining whether production or disclosure should be made pursuant to a demand, and states in pertinent part:

(b) **Among the demands in response to which disclosure will not be made by any Department official are those demands with respect to which any of the following factors exist:** . . .

(4) **Disclosure would reveal a confidential source or informant,** unless the investigative agency and the source or informant have no objection,

(5) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired[.]

Assuming for argument purposes only, that the DOJ's prosecution of McDonald did include the use of CIs, the DOJ's regulations expressly prohibit AUSA Olshefski from disclosing the identity of the CIs.

Moreover, a review of the docket in your civil case *Harris v. McDonald et al*, 3:21-cv-1851 (M.D.P.A.), reveals that your underlying case against McDonald was dismissed for lack of service and that, there is a fully briefed motion to compel the identity of the alleged CI pending a decision by the Honorable Judge Mannion.

**The CVRA requires that the DOJ and others respect a victim's dignity and privacy and protect the identity of victims of sexual abuse.**

The CVRA is a statutory scheme designed to protect victim's rights, including the right to be treated with fairness and with respect for the victim's dignity and privacy. 18 U.S.C. § 3771(a)(8). *United States v. Kamor*, 2022 WL 584041 *5 (M.D.Pa. 2022); *United States v. Gordon*, 2019 WL 6112838 *3 ((D. Maine 2019). In DOJ's prosecution of McDonald, the identity of the victims was protected as the victims were referred to as Person #1, Person #2, Person #3 and Person #4 respectively. By disclosing the identity of the victims of sexual abuse, we "would inflict the very harm" DOJ's "prosecution sought to punish... and would discourage similarly situated victims from cooperating with law enforcement." *Id.* citing *United States v. Robinson*, 2009 WL 137319 *3 (D.Mass. 2009). *United States V. Clark*, 335 F. App'x 181, 183 (3d Cir. 2009) (relying on the CVRA in redacting the names of child pornography victims in sentencing victim impact statements).

**Regarding your request for "all prosecution documents," aside from the objection set forth above regarding relevance, or lack thereof, we object to providing any documents containing the mental impressions and/or thought processes of the prosecution team.**

**All original documents that may have been seized by the FBI have been returned to the City of Scranton.**

As for your request for all City of Scranton criminal documents seized by the FBI related to cases where officer McDonald was either an affiant or witness in those criminal cases which were dismissed or Nolle Prosequi by the City of Scranton, I reached out to the FBI and they informed me that all original documents that may have been seized by the FBI have been returned to the City of Scranton. As such, those documents should be requested from the source, the City of Scranton.

Thank you for your time and consideration regarding this matter.

Sincerely,

GERARD M. KARAM
United States Attorney

G. MICHAEL THIEL
Assistant United States Attorney

6