UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDULLAH HARRIS,<br><br>  Plaintiff,<br><br>  v.<br><br>THOMAS MCDONALD, et al.,<br><br>  Defendants. | CIVIL ACTION NO. 3:21-CV-01851<br><br>(MANNION, J.)<br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Presently before the Court is a motion to enforce the subpoena served upon the United States Attorney's Office ("USAO") for the Middle District of Pennsylvania and a motion to compel the second supplemental interrogatories filed by Plaintiff Abdullah Harris ("Harris") on July 29, 2022, and August 4, 2022, respectively. (Doc. 53; Doc. 54). On August 9, 2022, this matter was referred to the undersigned United States Magistrate Judge to conduct a discovery dispute conference. (Doc. 55). On August 18, 2022, the parties participated in a telephonic discovery conference. (Doc. 63). Upon consideration of the parties' responsive filings and argument during the discovery teleconference, Harris's motions shall be DENIED in part.

I. **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "Relevance in this context has been 'construed broadly to encompass any matter that could bear on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in the case.'" *United States ex rel. Bergman v. Abbott Labs.*, No. 09-4264, 2016 WL 4247429, at *2 (E.D. Pa. Aug. 11, 2016) (quoting

*Oppenheimer Funds v. Sanders*, 437 U.S. 340, 351 (1978)); *see Hicks v. Big Brothers/Big Sisters of America*, 168 F.R.D. 528, 529 (E.D. Pa. 1996). Even though "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." *Stabilus v. Haynsworth, Baldwin, Johnson, and Greaves, P.A.*, 144 F.R.D. 258, 265 (E.D. Pa. 1992). Discovery is not permitted when a request is made in bad faith, is unduly burdensome, irrelevant to the general subject matter of the action, or relating to confidential or privileged information. *Ruddy v. Polaris Indus., Inc.*, No. 17-CV-423, 2019 WL 319805, at *2 (M.D. Pa. Jan. 24, 2019). Rulings related to the scope of discovery are subject to the discretion of the Court. *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1986). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. *Lawson v. Love's Travel Stops & Country Stores, Inc.*, No. 1:17-CV-1266, 2020 WL 109654, at *2 (M.D. Pa. Jan. 9, 2020). Such discretion is guided by Rule 26(b)(1) and extends to nonprivileged matter that is relevant to any party's claim or defense. The scope of discovery, however, may be circumscribed and should not serve as a fishing expedition. *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 189 (3d Cir. 1999).

II.  **DISCUSSION**

   A.  **MOTION TO ENFORCE SUBPOENA**

On July 29, 2022, Harris filed the motion to enforce the subpoena, challenging the USAO's final agency action denying his request for all files regarding the criminal matter *USA v. McDonald*, 3:21-CR-00158. (Doc. 53). Harris speculates that former Scranton Police Officer Thomas McDonald ("McDonald") "used many of the same confidential informant [("CI")] in the cases that were dismissed by the Lackawanna County District Attorney's Office including [Harris]'s case." (Doc. 53, at 11). Harris explains that he seeks the documents and

materials from the AUSA Olshefski to determine why McDonald was criminally charged and terminated from the Scranton Police Department, "why over twenty of the criminal cases [McDonald] was involved in as either an arresting officer, affiant or witness were dismissed by the City of Scranton," and "to ascertain whether [McDonald] lied about the actual identities and witness testimony of his [CIs]." (Doc. 53, at 10-11). Harris further indicates that "[w]ithout that discoverable information, [Harris] cannot establish a pattern and practice of misconduct by [McDonald] which may also point to Scranton Police Department deliberate indifference of policy and procedure under [Harris's] 1983 *Monell* claim." (Doc. 53, at 11).

The USAO objects to Harris's motion to enforce the subpoena issued to AUSA Olshefski, arguing that the DOJ's denial of Harris's request for Department of Justice's ("DOJ") criminal files and the CI's identity pursuant to the DOJ *Touhy* regulations was not arbitrary, capricious, or an abuse of discretion. (Doc. 54, at 10-15); *United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951). Furthermore, the USAO argues that the Crime Victim's Rights Act ("CVRA") requires that the DOJ and others respect a victim's dignity and privacy and protect the identity of victims of sexual abuse, and that all original documents that may have been seized by the Federal Bureau of Investigation ("FBI") have been returned to the city of Scranton. (Doc. 54, at 15-17).

The question of what standard a court should apply in reviewing an agency's refusal to comply with a subpoena is unsettled. The Third Circuit has not yet considered the question. *See Johnson v. Folino,* 528 F. Supp. 2d 548, 551 (E.D. Pa. 2007) (denying motion to compel under both analyses and declining to address issue). The Fourth and Eleventh Circuits conduct an analysis of the agency's decision under the Administrative Procedure Act ("APA"), which provides that the court may overturn an agency action only if the action was

"arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or "in excess of statutory jurisdiction[ or] authority." 5 U.S.C. §§ 706(2)(A), (C); *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 274 (4th Cir. 1999); *Moore v. Armour Pharm. Co.,* 927 F.2d 1194, 1198 (11th Cir. 1991). On the other hand, the D.C. and Ninth Circuits conduct an analysis under Federal Rule of Civil Procedure 45, balancing the interests favoring disclosure against the interests asserted against disclosure. *Linder v. Calero–Portocarrero*, 251 F.3d 178, 181-82 (D.C. Cir. 2001); *Exxon Shipping Co. v. U.S. Dep't of Interior,* 34 F.3d 774, 780 (9th Cir. 1994). The Second Circuit initially adopted the arbitrary and capricious standard, but, on reconsideration, vacated its decision and reserved the question for the future. *U.S. v. Gen. Elec.,* 212 F.3d 689, 689–90 (2000), *amending* 197 F.3d 592 (2d Cir. 1999).

The undersigned need not decide this issue today. As discussed *infra*, even if the Court adopts the less deferential Rule 45 analysis, the motion to compel will not be granted.

1. **The DOJ's denial of Harris's request was not arbitrary, capricious, or an abuse of discretion.**

Upon review of the record, the undersigned finds that Harris has failed to demonstrate his need for the criminal matter file in *USA v. McDonald*, 3:21-CR-00158 is so great as to (1) make the DOJ's denial to release the information arbitrary, capricious, or an abuse of discretion, or (2) outweigh the legitimate concerns raised by the DOJ under a Rule 45 analysis.

On June 13, 2022, Harris filed the relevant subpoena upon nonparty, Assistant United States Attorney Michelle Olshefski ("AUSA Olshefski"), to produce all files regarding the criminal matter *USA v. McDonald*, 3:21-CR-00158. (Doc. 53, at 15). The USAO responded on June 28, 2022, denying Harris's subpoena under the DOJ's *Touhy* regulations, but allowing

Harris to submit a "summary of the information sought and the relevance to the proceeding" for consideration.[1] (Doc. 53, at 18-19). On July 7, 2022, Harris submitted a letter to the USAO requesting: all DOJ investigation documents; all charging documents; all witness interview and testimony documents or transcripts; all prosecution documents; and all City of Scranton criminal documents seized by the FBI related to cases where McDonald was either an affiant or witness in those criminal cases which were dismissed or Nolle Prosequi by the City of Scranton in the federal prosecution of McDonald. (Doc. 53, at 22). Harris explained that these documents are "extremely relevant" to this action because Harris initiated this civil rights action claiming that he was "wrongfully arrested by Officer McDonald based on a falsified 'drug-buy' using a [CI], who [Harris] believes, did not exist or was a CI that McDonald coerced into falsifying testimony in exchange for not being charged with a crime, or coerced into illegal sexual acts by McDonald." (Doc. 52, at 22). The USAO responded on July 22, 2022, denying the *Touhy* request because (1) Harris failed to show how the DOJ file in its criminal prosecution of McDonald was relevant to this action; (2) federal regulations prohibit

---

[1] In *Touhy*, the United States Supreme Court upheld the validity of a DOJ regulation centralizing the disclosure of agency documents and found that an agency employee may not be held in contempt when he refused to submit a subpoena "on the ground that the subordinate is prohibited from making such submission by his [supervisor]." 340 U.S. at 467. DOJ's Touhy regulations, *see* 28 C.F.R. §§ 16.21-.29, were issued pursuant to the general rulemaking authority of 5 U.S.C. § 301 and the general authority to prescribe rules in 28 U.S.C. § 509. DOJ's regulations provide the procedures to be followed when DOJ produces any document from its files or when any current or past DOJ employee provides information acquired as part of his or her official duties at DOJ. 28 C.F.R. § 16.21(a). No such documents or information can be provided "without prior approval of the proper [DOJ] official in accordance with [28 C.F.R.] §§ 16.24 and 16.25." 28 C.F.R. § 16.21(a). In relevant part, § 16.26(b) states that no disclosures may be made in response to a demand if disclosure would either "reveal a confidential source or informant, unless the investigating agency and the source or informant have no objection" or "disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." 28 C.F.R. § 16.26(b)(4)-(5).

providing information that would disclose or reveal a confidential source or informant or, would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired; (3) the CVRA requires that the DOJ and others respect a victim's dignity and privacy and protect the identity of victims of sexual abuse; and (4) all original documents that may have been seized by the FBI have been returned to the City of Scranton. (Doc. 53, at 25-30).

First, assuming that an APA analysis governs, the undersigned finds that the DOJ's denial of Harris's information request is not arbitrary, capricious, or an abuse of discretion. Because an agency's refusal to comply with a subpoena "is essentially a policy decision about the best use of the agency's resources," courts "defer to the agency's judgment, recognizing . . . that 'federal judges—who have no constituency—have a duty to respect legitimate policy choices made by those who do.'" *COMSAT,* 190 F.3d at 278 (quoting *Chevron U.S.A. Inc. v. NRDC,* 467 U.S. 837, 866 (1984)). Accordingly, a federal court may order a non-party governmental agency to comply with a subpoena only when it "has refused production in an arbitrary, capricious, or otherwise unlawful manner." *COMSAT*, 190 F.3d at 277. A federal agency's decision is arbitrary and capricious if it relied on "factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view of the product of agency expertise." *Motor Vehicles Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

The DOJ's *Touhy* regulations prohibit any current or past DOJ employees from producing material relating to their official duties without prior approval of the proper DOJ official in accordance with 28 C.F.R. §§ 16.24 and 16.25. 28 C.F.R. § 16.21(a). The DOJ's "choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources." *COMSAT*, 190 F.3d at 278; *see also Davis Enterps. v. EPA*, 877 F.2d 1181, 1187 (3d Cir. 1989) (upholding an agency's rejection of a *Touhy* request for a deposition because it was not arbitrary when it was based on the concern that granting such requests "would constitute a drain on the agency's resources"). In the particular context of protecting CIs' identities, there are additional policy considerations "in the continued flow of investigative information and the informant's interest in avoiding retaliation. *United States v. Seaton*, 178 F. App'x 172, 174 (3d Cir. 2006).

After a careful inquiry into the record, the undersigned finds that DOJ considered Harris's requests and, applying the correct legal standard, reached a conclusion that is not arbitrary or capricious. The United States prosecuted McDonald, a former City of Scranton Police Officer, for coercing sexual favors from a number of women in exchange for getting drug charges against them dismissed and/or, agreeing not to bring drug charges against them. The DOJ investigation and subsequent prosecution of McDonald did not reveal that McDonald coerced anyone, including any possible CI's, to provide false information for purposes of obtaining probable cause and/or making false drug claims against citizens of Scranton, including your client. (Doc. 53, at 26; Doc. 57, at 10-11). As USAO asserts, the basis of Harris's subpoena for disclosure of DOJ's criminal files is premised upon his speculation that McDonald coerced possible CIs to provide false information for purposes of obtaining probable cause and/or making false drug claims against individuals, including

Harris. (Doc. 53, at 11). Thus, Harris has not, at this time, established why the requested information is relevant to this action and there is no evidence to suggest that the DOJ's denial of Harris's request for disclosure of all files relating to the DOJ investigation and prosecution of McDonald.

In addition, the undersigned finds that the DOJ's denial of Harris's request for the CIs' identity was not arbitrary, capricious, or an abuse of discretion. The DOJ provided a thorough explanation of its determination that DOJ's *Touhy* regulations prohibited disclosure of a CI's identity, citing the regulations that prohibit the release of information that would either "reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection," or "disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." (Doc. 53, at 28) (citing 28 C.F.R. § 16.26(b)(4)-(5)); *see also* 28 C.F.R. § 16.24(b)(3). Upon review of the DOJ's denial and the DOJ *Touhy* regulations, the undersigned finds that the DOJ's decision to deny Harris's request for CIs' identities was not arbitrary, capricious, or an abuse of discretion. *See Seaton*, 178 F. App'x at 174 (affirming a district court's denial of a request for a confidential informant's identity because of "the public's interest in the continued flow of investigative information and the informant's interest in avoiding retaliation").

    **2. Harris has not satisfied his burden of proof and persuasion under Rule 45.**

Even if the Court were to apply a Rule 45 analysis, Harris is not entitled to the requested information. In applying the Federal Rules in the context of reviewing an agency's denial of a *Touhy* request, courts "determine whether it would be an undue burden for the government to produce the requested employees, and to weigh that burden against the

Plaintiff's need for the testimony." *Solomon v. Nassau Cty.*, 274 F.R.D. 455, 458 (E.D.N.Y. 2011). "Rule 45 of the Federal Rules of Civil Procedure establishes the rules for discovery directed to individuals and entities that are not parties to the underlying lawsuit. Fed. R. Civ. P. 45. A subpoena under Rule 45 'must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1).'" *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013) (quoting *OMS Invs., Inc. v. Lebanon Seaboard Corp.*, No. 08-2681, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008)). Rule 45 also confers broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands. In this regard, it is well settled that decisions on matters pertaining to subpoena compliance rest in the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion. *R.J. Reynolds Tobacco v. Philip Morris Inc.*, 29 F. App'x 880, 881 (3d Cir. 2002). This far-reaching discretion extends to decisions regarding how to enforce compliance with subpoenas, where "[i]t is well-established that the scope and conduct of discovery are within the sound discretion of the trial court." *Coleman-Hill v. Governor Mifflin Sch. Dist.*, 271 F.R.D. 549, 552 (E.D. Pa. 2010) (quoting *Guinan v. A.I. duPont Hosp. for Children*, No. 08-228, 2008 WL 938874, at *1 (E.D. Pa. Apr. 7, 2008); *Marroquin–Manriquez v. INS*, 699 F.2d 129, 134 (3d Cir. 1983)) (internal quotations omitted).

At the outset, Rule 26's broad definition of that which can be obtained through discovery reaches only "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. Therefore, valid claims of relevance, privilege, and proportionality cabin and restrict the court's discretion in ruling on discovery issues. *Riemensnyder v. Barr*, No. 3:20-CV-109, 2021 WL 1320826, at *2 (M.D.

Pa. Apr. 8, 2021). Moreover, in ruling upon objections to a subpoena, "this court is required to apply the balancing standards—relevance, need, confidentiality, and harm. And even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit." *Mannington Mills, Inc. v. Armstrong World Indus., Inc.,* 206 F.R.D. 525, 529 (D. Del. 2002). The court's evaluation of a motion to quash or enforce a Rule 45 subpoena is also governed by shifting burdens of proof and persuasion. Accordingly, "the subpoenaing party bears the initial burden to establish the relevance of the material sought, and then the burden shifts to the subpoenaed party to demonstrate that the subpoena seeks privileged or otherwise protected material under Rule 45." *L.W. v. Lackawanna Cty., Pa.,* No. 3:14-CV-1610, 2015 WL 1499865, at *1 (M.D. Pa. Apr. 1, 2015) (citing *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234 (E.D. Pa. 2014)).

As explained *supra,* the undersigned finds that Harris has not, at this time, provided a sufficient explanation as to why the DOJ's files regarding the criminal matter *USA v. McDonald*, 3:21-CR-00168, are relevant to this action. Moreover, Harris does not provide a sufficient explanation as to why the identity of CIs is necessary in order to succeed on the merit of this action apart. Harris merely states that his "reasonable belief that [McDonald] used many of the same [CIs] in the cases that were dismissed by the Lackawanna County District Attorney's Office including [Harris]'s case," and that the identity of CIs is necessary "to ascertain whether [McDonald] lied about the actual identities and witness testimony of his [CIs]." (Doc. 53, at 11). The USAO submits that the Court should deny Harris's motion to enforce the subpoena because Harris failed to establish relevance and/or nexus between the DOJ investigation and prosecution of McDonald and Harris's underlying civil action

- 10 -

against McDonald. (Doc. 57, at 10). In addition, USAO avers that the Court should decline to release the identities of CIs because DOJ regulations prohibit proving information that would disclose or reveal a confidential source or information, 28 C.F.R. § 16.26(b)(4)-(5), and the CVRA requires that the DOJ and others respect a victim's dignity and privacy and protect the identity of victims of sexual abuse. (Doc. 57, at 15-16).

The undersigned finds that Harris's request is premised upon speculative and conclusory statements that "[w]ithout the discoverable information, [Harris] cannot establish a pattern and practice of misconduct by [McDonald] which may also point to Scranton Police Department deliberate indifference of policy and procedure under [Harris]' 1983 Monell claim." (Doc. 53, at 11). Harris has not established the relevancy of the requested information and the undersigned is persuaded by the USAO's argument that disclosure of CIs' identities would be disproportionately harmful to the CIs' privacy interests. Therefore, the undersigned finds that application of these balancing standards does not weigh in favor of granting Harris's motion to enforce the subpoena. *See Mannington Mills, Inc.,* 206 F.R.D. at 529. Harris has not satisfied his burden of proof and persuasion under Rule 45. *See L.W.*, 2015 WL 1499865, at *1.

Accordingly, upon consideration of the parties' filings and the testimony provided at the discovery conference held on August 18, 2022, Harris's motion to enforce the subpoena is DENIED without prejudice. (Doc. 53).

B. MOTION TO COMPEL DISCOVERY

On August 4, 2022, Harris filed the motion to compel Defendant City of Scranton to answer Harris's second supplemental interrogatories. (Doc. 54). Harris seeks to compel the City of Scranton to "disclose all information in their possession and control relating to the

docket numbers of all dismissed City of Scranton criminal cases, before [McDonald] was arrested in *USA v. McDonald*, 3:21-CR-00168 in which McDonald was the affiant or witness and the entire case files including the transcripts of all testimony, investigative reports and affiant probable cause documents of said cases referenced herein. . . ." (Doc. 54, at 1). In addition, according to the City of Scranton, Harris forwarded a Notice for the City to designate a witness to be deposed regarding the dismissal of cases identified in response to the answers to the second supplemental interrogatories. (Doc. 61, at 2-3). Counsel for the City of Scranton avers that "[u]pon receipt of this Notice undersigned counsel contacted [Harris]'s counsel to explain to him that the decision regarding dismissal of the cases was handled through the District Attorney's Office and that the person he wanted to speak with was someone in the District Attorney's Office." (Doc. 61, at 3). The parties testified at the discovery conference held on August 18, 2022, that AUDA does not challenge the notice of deposition and intends to comply with Harris's request.

      Counsel representing the City of Scranton and unknown officers objects to Harris's document request. (Doc. 61). The City of Scranton argues that the requested information is beyond the permissible scope of discovery because "the cases dismissed, including the Abdullah Harris case, were not dismissed due to any impropriety on the party of Officer McDonald but were dismissed solely due to the pending investigation regarding the complaints of two female informants. This has been confirmed by Assistant District Attorney Gallagher." (Doc. 61, at 3). Furthermore, the City of Scranton explains that it suggested to Harris that he "depose the Assistant District Attorney who filed the petitions to nolle prosequi

the cases to confirm this," and that counsel for Harris indicated his intention to do so.[2] (Doc. 61, at 3). The City of Scranton claims that Harris is conducting a "fishing expedition." (61, at 4).

Rule 33 of the Federal Rules of Civil Procedure requires a party served with interrogatories to respond to each within 30 days after they were served. Rule 33(b) (1) and (3). The party serving the interrogatories may move under Rule 37(a) to compel an answer to an interrogatory to which the receiving party has objected or which it has otherwise failed to answer. Fed. R. Civ. P. 33(b)(5). Similarly, Federal Rule 34 requires that a party served with a document request either produce the requested documents or else state a specific objection for each item or category objected to. Here, again, if the party served fails to respond adequately to a document request, the serving party may file a motion to compel under Rule 37(a). Fed. R. Civ. P. 34(b), 37(a)(1)(B). In *Paluch v. Dawson,* No. 1:CV-06-01751, 2007 WL 4375937, *2 (M.D. Pa.), the Court stated:

> Federal Rule of Civil Procedure 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner,* 553 F.Supp. 255, 258 (E.D. Pa. 1982).
>
> *Paluch*, 2007 WL 4375937, *2.

On July 1, 2022, Harris served the first set of supplemental interrogatories, requesting: (1) "the caption and docket number of all dismissed City of Scranton criminal cases, after

---

[2] "Nolle prosequi means '[t]o abandon (a suit or prosecution); to have (a case) dismissed by a nolle prosequi.'" *Malcomb v. McKean,* 535 Fed. App'x 184, 186 (3d Cir. 2013).

[McDonald] was arrested in USA v. McDonald 3:21-CR-00168, in which [McDonald] was the affiant witness or an involved witness in said City of Scranton criminal actions which were dismissed;" and (2) "the transcripts of all testimony, by [McDonald], from the dismissed City of Scranton criminal cases, after [McDonald] was arrested in USA v. McDonald 3:21-CR-00168, in which [McDonald] was the affiant witness or an involved witness in said City of Scranton criminal actions which were dismissed." (Doc. 54, at 10-12). On July 25, 2022, the City of Scranton responded "None" to both interrogatories. (Doc. 61-1, at 1-4). On July 28, 022, Harris served a second set of supplemental interrogatories, requesting: (1) "the caption and docket number of all dismissed City of Scranton criminal cases, *before* [McDonald] was arrested in USA v. McDonald 3:21-CR-00168, in which [McDonald] was the affiant witness or an involved witness in said City of Scranton criminal actions which were dismissed;" and (2) "the transcripts of all testimony, by [McDonald], from the dismissed City of Scranton criminal cases, *before* [McDonald] was arrested in USA v. McDonald 3:21-CR-00168, in which [McDonald] was the affiant witness or an involved witness in said City of Scranton criminal actions which were dismissed." (Doc. 54, at 14-16) (emphasis in original). On August 11, 2022, the City of Scranton responded, providing (1) a list of 19 captions and docket numbers of criminal actions dismissed before McDonald was arrested in *US v. McDonald*, 3:21-CR-00168, in which McDonald was involved; (2) the motion to Nolle Prosequi entered in *Commonwealth of Pennsylvania v. Abdullah Harris* ("*Harris*"), No. 19-CR-1564, filed in the Court of Common Pleas of Lackawanna County; and (3) the Order granting the Commonwealth's motion and entering an order to Nolle Prosequi the *Harris* action without prejudice. (Doc. 61-2, at 1-6). However, the City of Scranton objected to the second interrogatory, stating "this request for documents, improperly designated as an interrogatory,

- 14 -

is objected to as being overly broad, seeking information beyond the scope of permissible discovery, and seeking information not relevant to the claim asserted by [Harris]." (Doc. 61-2, at 2).

In the motion to compel, Harris seeks Defendant's full and complete responses to his second supplemental request, asserting that the requested documents and potential deposition testimony "will reveal and determine why the City of Scranton decided to dismiss so many criminal cases in which [McDonald] was the affiant. [Harris] believes that the City of Scranton knew that McDonald was 'bad cop' and chose to ignore it." (Doc. 54, at 7, 14-16). Harris claims his "right to discover the reasons why so many criminal cases were dismissed, in which [McDonald] was involved either as an affiant or witness, goes to the essential issue as to whether or not McDonald was lying in his sworn testimony as a police officer and whether the City of Scranton deliberately ignored the criminal actions of a police officer." (Doc. 54, at 7). Furthermore, Harris argues "[c]redibility impeachment is essential to any plaintiff at trial who wishes to establish that a police officer has lied under oath on several occasions and that a Police Department acquiesced in those lies." (Doc. 54, at 7).

Initially, as the City of Scranton points out, the City of Scranton criminal matters, including Harris's, were nolle prosequied without prejudice after an investigation of McDonald was undertaken by the Pennsylvania State Police and the AUDA filed motions to Nolle Prosequi in each case where McDonald was the primary investigating officer, not due to any deficiencies in the case, but solely due to the fact that McDonald's credibility had been brought into questions because of the pending investigation. (Doc. 61, at 1). Moreover, according to the City of Scranton, Harris forwarded a Notice for the City to designate a witness to be deposed regarding the dismissal of cases identified in response to the answers to

the second supplemental interrogatories. (Doc. 61, at 2-3). Counsel for the City of Scranton avers that "[u]pon receipt of this Notice undersigned counsel contacted [Harris]'s counsel to explain to him that the decision regarding dismissal of the cases was handled through the District Attorney's Office and that the person he wanted to speak with was someone in the District Attorney's Office." (Doc. 61, at 3). The City of Scranton suggested to counsel for Harris that he "depose the Assistant District Attorney who filed the petitions to nolle prosequi the cases to confirm" why the relevant criminal matters were dismissed. (Doc. 61, at 3). Thereafter, counsel for Harris testified that he forwarded a Notice of Deposition to Assistant District Attorney Gallagher. At the August 18, 2022, discovery conference, the parties stated that Assistant District Attorney Gallagher does not challenge the notice of deposition and intends to comply with Harris's request.

Upon review of the parties' arguments raised in their filings and during the discovery conference held on August 18, 2022, the undersigned finds that Harris has failed to demonstrate that the interrogatories are reasonably calculated to lead to the discovery of admissible evidence, as required under Rule 26(b)(10). The parties have testified that Assistant District Attorney Gallagher intends to comply with Harris's deposition request. Therefore, the undersigned will deny Harris's motion to compel without prejudice to Harris refiling a motion to compel upon completion of Assistant District Attorney Gallagher's deposition if Harris is able to establish the relevance of the documents requested. However, the undersigned will partially grant Harris's motion to compel discovery, only as to Harris's request for the parts of the files of the 19 cases listed in the City of Scranton's previous responses that specifically relate to the basis for dismissal of each case, including copies of the

motions to nolle prosequi and orders granting the motions, if the City of Scranton has these records in its possession.

III. **CONCLUSION**

For the reasons stated above, the Court will deny Harris's motion to enforce the subpoena (Doc. 53), and deny in part his motion to compel (Doc. 54). The City of Scranton shall produce to Harris the parts of the files of the 19 cases listed in the City of Scranton's previous responses that specifically relate to the basis for dismissal of each case, including copies of the motions to nolle prosequi and orders granting the motions. The remainder of Harris's motion to compel is denied.

An appropriate Order will follow.

                                            **BY THE COURT:**

                                            *s/ Karoline Mehalchick*
                                            **KAROLINE MEHALCHICK**
                                            **Chief United States Magistrate Judge**