UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDULLAH HARRIS, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-CV-01851 |
| v. | (MANNION, J.) |
| THOMAS MCDONALD, et al., | (MEHALCHICK, M.J.) |
| Defendants. | |

**MEMORANDUM**

Presently before the Court are discovery issues raised by counsel for Plaintiff Abdullah Harris in letters dated April 7, 2022, and November 21, 2022. (Doc. 33; Doc. 72). This is a 42 U.S.C. § 1983 civil action seeking compensatory and punitive damages against Defendants the City of Scranton and Unknown Officers.[1] (Doc. 1; Doc. 2). On August 9, 2022, this matter was referred to the undersigned United States Magistrate Judge to conduct a discovery dispute conference. (Doc. 55). On December 6, 2022, the parties participated in a telephonic discovery conference. (Doc. 76). Having heard from the parties on the issues raised in Plaintiff's letters, the Court will now address the outstanding discovery matters.

---

[1] Initially, Plaintiff asserted claims against Thomas McDonald, however, the Court dismissed Plaintiff's claims against McDonald without prejudice for insufficient service of process under Rule 12(b)(5). (Doc. 46; Doc. 47). The undersigned acknowledges that Plaintiff filed a motion to amend the complaint on June 2, 2022, which seeks to add new claims against new Defendants Scranton Police Office Larry Spathelf, Scranton Police Detective Sergeant Gerrity, and Thomas McDonald. (Doc. 48). The undersigned declines to address the pending motion at this time and considers the instant discovery issues as they relate to Plaintiff's only remaining cause of action, a *Monell* claim against the City of Scranton. (Doc. 2).

I.  **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "Relevance in this context has been 'construed broadly to encompass any matter that could bear on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in the case.'" *United States ex rel. Bergman v. Abbott Labs.*, No. 09-4264, 2016 WL 4247429, at *2 (E.D. Pa. Aug. 11, 2016) (quoting *Oppenheimer Funds v. Sanders*, 437 U.S. 340, 351 (1978)); *see Hicks v. Big Brothers/Big Sisters of America*, 168 F.R.D. 528, 529 (E.D. Pa. 1996). Even though "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." *Stabilus v. Haynsworth, Baldwin, Johnson, and Greaves, P.A.*, 144 F.R.D. 258, 265 (E.D. Pa. 1992). Discovery is not permitted when a request is made in bad faith, is unduly burdensome, irrelevant to the general subject matter of the action, or relating to confidential or privileged information. *Ruddy v. Polaris Indus., Inc.*, No. 17-CV-423, 2019 WL 319805, at *2 (M.D. Pa. Jan. 24, 2019). Rulings related to the scope of discovery are subject to the discretion of the Court. *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1986). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. *Lawson v. Love's Travel Stops & Country Stores, Inc.*, No. 1:17-CV-1266, 2020 WL 109654, at *2 (M.D. Pa. Jan. 9, 2020). Such discretion is guided by Rule 26(b)(1) and extends to nonprivileged matter that is relevant to any party's claim or defense. The scope of discovery, however, may be circumscribed and should not serve as a fishing expedition. *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 189 (3d Cir. 1999).

II. **DISCUSSION**

    A. <u>DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REQUEST TO COMPEL DEFENDANTS TO PROVIDE IN DISCOVERY THE IDENTITY OF THE ALLEGED CONFIDENTIAL INFORMANT ARE SUSTAINED.</u>

Plaintiff seeks the disclosure of all information in Defendants' possession and control relating to the identity, background, and criminal history of the confidential informant ("CI") mentioned in the affidavit attached to the application for a search warrant. (Doc. 33, at 1-2; Doc. 39, at 1-2). The Supreme Court established a balancing test to determine when disclosure of a CI's identity is required in the criminal context in *Roviaro v. United States*, 353 U.S. 53 (1957). The defendant bears the burden to show what need he has for disclosure, and if this burden is satisfied, the court must then balance "the defendant's interest in disclosure against the Government's interest in maintaining the confidentiality of its informant." *United States v. Jiles*, 658 F.2d 194, 197-98 (3d Cir. 1981) (citing *Roviaro*, 353 U.S. at 62).

    Importantly, Plaintiff's instant request to compel disclosure is in the context of a civil case, not a criminal case. The Third Circuit has concluded that in the civil context, "the privilege [to withhold an informant's identity] must give way where the disclosure of an informer's identity . . . 'is essential to a fair determination of a cause.'" *Mitchell v. Roma*, 265 F.2d 633, 635 (3d Cir. 1959) (quoting *Roviaro*, 353 U.S. at 60-61). In *Mitchell*, the Third Circuit found that "[n]o fixed rule as to disclosure is justifiable. One must balance the public interest in protecting the flow of information against the individual's right to prepare his defense, taking into consideration the particular circumstances of each case." *Mitchell*, 265 F.2d at 636. In civil cases, however, the privilege requires the party seeking disclosure to satisfy an even higher burden than required in criminal cases, because there is no "defense of an accused"

consideration as is present in criminal cases. *Williams v. City of Trenton*, No. 11-6352, 2012 WL 4858202, at *2 (D.N.J. Oct. 11, 2012) (citing *McClain v. Coll. Hosp.*, 99 N.J. 346 (1985)).

As noted above, given that Plaintiff's liberty is not at stake and that this case is a civil action, Plaintiff must demonstrate to the Court that disclosure of the CI's identity is essential to a fair determination of his cause. *Mitchell*, 265 F.2d at 636. Plaintiff has not satisfied this high burden, and thus the Court will not order the disclosure of the CI's identity.

Plaintiff asserts that the identity of the CI must be disclosed because "McDonald is the only person to have interacted with the supposed confidential informant. Thus, at issue, at the very minimum, is whether any controlled buys ever happened, and this is even if it is believed that CI is a real person." (Doc. 39, at 7). Rejecting Plaintiff's assertion, Defendants argue that the application for search warrant and authorization plainly sets out that "[t]he Scranton Police Special Investigations Division met with a Confidential Informant," and states that multiple officers dealt with and observed the CI. (Doc. 41, at 4; Doc. 41-1, at 3-4).

Based on the evidence of record, the undersigned does not conclude that the CI's identity or any potential evidence he or she could offer would be essential to the determination of Plaintiff's cause.[2] Plaintiff offers no evidence to justify his assertions beyond his own

---

[2] The undersigned previously denied Plaintiff's motion to enforce subpoena that challenged the Department of Justice's ("DOJ") final agency action denying his request for all files regarding the criminal matter *USA v. McDonald*, 3:21-CR-00158. (Doc. 64; Doc. 65). Specifically, the undersigned denied Plaintiff's motion for the following reasons: the DOJ's denial of Plaintiff's request for the identity of CIs pursuant to the DOJ *Touhy* regulations was not arbitrary, capricious, or an abuse of discretion; Plaintiff failed to establish the relevancy of the CIs' identities; and disclosure of CISs' identities would be disproportionately harmful to the CIs' privacy interest. (Doc. 64, at 8, 10-11); *see United States v. Seaton*, 178 F. App's 172, 174 (3d Cir. 2006) (affirming a district court's denial of a request for a confidential informant's

speculation as to the existence and/or identity of the CI and whether the CI may possess information about his *nolle prosequied* case. Moreover, there is no evidence before the Court to suggest that the disclosure of the CI's identity is related to Plaintiff's *Monell* claims against the City of Scranton because the record reflects that all charges against Plaintiff were *nolle prosequied* without prejudice due to pending allegations that McDonald had misused female informants in other cases, which cast significant doubt on his credibility and compromised the integrity of other pending investigations. (Doc. 61-2). A party who merely suspects, without showing a likelihood, that the CI's identity is essential to its case has not met its burden to show that disclosure is essential to the fair determination of the case. *United States v. Brown*, 3 F.3d 673, 679 (3d Cir. 1993).

Moreover, the undersigned further notes that even if Plaintiff satisfied the burden of demonstrating that the CI's identity was essential for the fair determination of his cause, Defendants have a substantial interest in maintaining the confidentiality of the CI's identity, given legitimate safety concerns for the CI. *See Roviaro*, 353 U.S. at 62. Further, Defendants have asserted that there are at least ten (10) other persons or entities that were wholly involved in Plaintiff's cause of action, not including the CI, "two of which are identified specifically by their name and rank and would be available to Plaintiff for deposition." (Doc. 41, at 9; Doc. 41-1). As such, the undersigned concludes that Plaintiff has not satisfied the high burden of

---

identity because of "the public's interest in the continued flow of investigative information and the informant's interest in avoiding retaliation").

demonstrating that disclosing the identity of the informant "is essential to a fair determination of a cause." *Mitchell*, 265 F.2d at 635 (quoting *Rovario,* 353 U.S. at 59).

Accordingly, Defendants' objections to Plaintiff's request to compel Defendants to provide in discovery the identity of the alleged confidential informant are sustained without prejudice.

> B. DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF INVESTIGATIVE RECORDS AND REQUEST TO DEPOSE PENNSYLVANIA STATE POLICE INVESTIGATORS RE SUSTAINED.

Following the deposition of Lackawanna County Assistant District Attorney Brian Gallagher, Plaintiff requested the production of all investigative files for Corporal McDonald, in the possession of the Pennsylvania State Police, and requests to take the depositions of State Police Investigators Shawn Smith and Robert Golden. (Doc. 72, at 1-2). Plaintiff contends he is entitled to such discovery for the following reasons:

> It is plaintiff's belief that Corporal McDonald manipulated and coerced confidential informants, including in plaintiff's case, to falsify statement in order to obtain illegal drug charges against innocent victims like the plaintiff. As it appears that the nineteen criminal cases dismissed by the Lackawanna District Attorney's Office, including plaintiff's, were the result of a *State Police Investigation and NOT the Lackawanna County District Attorney's Office*, it is highly relevant and discoverable information that plaintiff is entitled to have. Plaintiff has absolutely no information whatsoever, being produced by Defendant City of Scranton, as to why plaintiff's criminal case and eighteen others were abruptly dismissed by Lackawanna County in which Corporal McDonald was an affiant/witness and confidential informants were additionally used.

(Doc. 72, at 2).

Objecting to his request, Defendants contend Plaintiff is conducting a "fishing expedition" and that the information sought is irrelevant to the *Monell* allegations against the City of Scranton. (Doc. 74, at 2). Defendants argue that "[t]here is no factual basis whatsoever

- 6 -

to support plaintiff's allegations that there is or was any evidence that the Scranton Police Department, the District Attorney's Office, or the U.S. Attorney's Office discovered any evidence that McDonald had acted inappropriately with respect to any of the dismissed cases, including the Abdullah Harris case." (Doc. 74, at 2). In support of their assertion, Defendants refer to a letter written by Michael Thiel, Assistant United States Attorney, to counsel for Plaintiff dated July 22, 2022, which states "[t]he DOJ investigation and subsequent prosecution of McDonald did not reveal that McDonald coerced anyone, including any possible CI's, to provide false information for purposes of obtaining probable cause and/or make false drug claims against citizens of Scranton, including your client." (Doc. 74, at 2-3; Doc. 74-1, at 3-4). In addition, Defendants aver that these fasts were confirmed when counsel for Plaintiff deposed Gallagher on November 2, 2022. (Doc. 74, at 4-5).

      Municipalities and other local governments are "persons" for Section 1983 purposes, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978)), but such entities are not responsible for every constitutional tort inflicted by their employees, *Connick v. Thompson*, 563 U.S. 51, 60 (2011). To bring a Section 1983 claim against a municipality, the plaintiff "must show that they were deprived of 'rights, privileges, or immunities secured by the Constitution and laws,' and that the deprivation of those rights was the result of an official government policy or custom." *Mulholland v. Gov't City. Of Berks*, 706 F.3d 227, 238 (3d Cir. 2013). The Third Circuit has explained that, to prove liability, the plaintiff must establish that the municipal policy or custom was itself unconstitutional or was the "moving force" behind the constitutional deprivation. *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citation omitted). Where the challenged policy or custom is not facially unconstitutional, a

plaintiff can establish causation "only by demonstrating that the municipal action was taken with deliberate indifference as to its known or obvious consequences"—that is, "[a] showing of simple or even heightened negligence will not suffice." *Berg v. Cty. Of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000) (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997)).

A plaintiff may bring a policy-based Monell claim for an alleged failure to train employees. *Thomas*, 749 F.3d at 222. A failure-to-train claim requires the plaintiff to show that the alleged training deficiency amounts to "deliberate indifference" to the constitutional rights of individuals who will encounter those employees. *See Thomas*, 749 F.3d at 222 (quoting *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999)). This standard is demanding—it requires evidence that the municipality "disregarded a known or obvious consequence" of its deficient training program. *Connick*, 563 U.S. at 61 (quoting *Brown*, 520 U.S. at 410). The alleged training deficiency must be closely related to the constitutional injury suffered by the plaintiff. *Connick*, 563 U.S. at 61.

Ordinarily, a pattern of prior constitutional violations will give notice to a municipal actor that existing training or policies are constitutionally problematic, and continued adherence to the original practices will demonstrate the "conscious disregard" required to establish deliberate indifference. *See Thomas*, 749 F.3d at 223 (citation omitted); *see also Berg*, 219 F.3d at 276. In rare situations, however, the need to act may be "so obvious" that failing to do so could rise to the level of deliberate indifference even without a pattern of prior violations. *Thomas*, 749 F.3d at 223 (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 n.10 (1989)); see also *Berg*, 219 F.3d at 276 (same). Such "single-incident" liability turns on "[t]he likelihood that the situation will recur and the predictability that an officer lacking specific

tools to handle the situation will violate citizens' rights." *Thomas*, 749 F.3d at 223-24 (alteration in original) (quoting *Brown*, 520 U.S. at 409). That is, the plaintiff must show that the risk of the claimed constitutional injury was a "highly predictable consequence" of the challenged policy. *Thomas*, 749 F.3d at 225 (quoting *Connick*, 563 U.S. at 63-64).

Plaintiff has not demonstrated how the requested discovery would allege or prove a pattern of prior constitutional violations attributable to the City of Scranton. Instead, Plaintiff asserts that the requested information is necessary to determine whether McDonald "manipulated and coerced confidential informants, including in plaintiff's case, to falsify statement in order to obtain illegal drug charges against innocent victims like the plaintiff." (Doc. 72, at 2). McDonald is no longer a party in this action, and Plaintiff has not demonstrated how investigative reports in the possession of the Pennsylvania State Police and/or depositions of State Police Investigators are relevant his *Monell* claim against the City of Scranton. The Court retains broad discretion and has the obligation to limit discovery to ensure that it is proportional to the needs of the case and so that the "burden or expense of the proposed discovery" does not "outweigh[ ] its likely benefits." Fed. R. Civ. P. 26(b)(1); *see Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). The undersigned concludes that Plaintiff has not satisfied his burden of showing that the discovery requests are relevant to his *Monell* claim and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Accordingly, Defendants' objections to Plaintiff's request for production of the investigative records and request to depose State Police Investigators are sustained, without prejudice. In addition, Plaintiff's request for an enlargement of all deadlines by 120 days will be denied. *See* Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 16, advisory committee's note

to 1983 amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

III. **CONCLUSION**

For the reasons stated above, all of Defendants' objections to Plaintiff's requests set forth in the letters dated April 7, 2022, and November 21, 2022, are **SUSTAINED** without prejudice. (Doc. 33; Doc. 72). In addition, Plaintiff's request to extend the case management deadlines by 120 days is **DENIED**. (Doc. 72).

An appropriate Order will follow.

**DATE:  December 14, 2022**　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　**Chief United States Magistrate Judge**